Trust No. 1 (a trust); Harry Chandler, Norman Chandler, and Marian Otis Chandler, Trustees v. Commissioner.
Trust No. 1 v. Commissioner
Docket No. 3034.
United States Tax Court
1946 Tax Ct. Memo LEXIS 136; 5 T.C.M. (CCH) 600; T.C.M. (RIA) 46164; July 18, 1946
*136 A. Calder Mackay, Esq., Arthur McGregor, Esq., and Howard W. Reynolds, Esq., 728 Pacific Mutual Bldg., Los Angeles 14, Calif., for the petitioners. H. A. Melville, Esq., for the respondent. HARLAN Memorandum Findings of Fact and Opinion HARLAN, Judge: This is a petition for redetermination of deficiencies declared by the Commissioner of Internal Revenue involving excess profits, declared value excess profits, personal holding company surtaxes, and 25 percent delinquency penalties claimed from petitioners for the tax years and in the amounts as follows: Year
Income Tax
1938
1939
$ 3,795.10
1940
4,055.34
1941
5,619.16
Totals
$13,469.60
Declared
Penalties for
Value Excess-
Personal Hold-
Failure to File
Profits Tax
ing Company
Holding Com-*l
Surtax
pany Returns
$1,502.12
$ 375.53
$ 2,716.62
1,592.50
398.12
3,231.42
1,728.03
432.01
3,230.91
1,708.44
427.11
$ 9,178.95
$6,531.09
$1,632.77 Three fundamental questions are presented: 1. Whether, during all of the taxable years involved herein, Chandler Trust No. 1 was an association taxable as a corporation. 2. Whether, during all of the taxable years *137 involved herein, Chandler Trust No. 1 was a personal holding company. 3. Whether, during all of the taxable years involved herein, Chandler Trust No. 1 is liable for 25 percent delinquency penalties for failure to file personal holding company returns. Findings of Fact The trustees of Chandler Trust No. 1 filed returns for the taxable years with the collector of internal revenue for the sixth district of California. Chandler Trust No. 1 was created June 26, 1936 by the execution of a trust agreement, a copy of which is included in the record herein to which reference is made. This agreement has never been altered or modified since its execution. At the creation of the trust Marian Otis Chandler, trustor, conveyed to the trust by gift four certificates representing 1,634 shares of the stock of the Times-Mirror Co. and two policies of life insurance upon her life in the respective amounts of $50,000 and $25,000. The certificates of stock were presented to the Times-Mirror Co. for cancellation and new certificates were issued to the trustees. The trustees have also held in their possession the two insurance policies and, although there is no obligation in the trust agreement *138 to pay the premiums thereon, this has been done by the trustees. Each certificate of stock carried with it a certificate of beneficial interest in a certain trust created by General Harrison Gray Otis. In liquidation of these certificates of beneficial interest Chandler Trust No. 1, in October 1935, received $2,935.85 which included $98.04, interest. The principal of this payment has been added to the corpus of Chandler Trust No. 1. The gross receipts and expenditures for each of the taxable years were as follows: Gross Receipts
1938
1939
1940
1941
Cash Dividends on Times-Mirror stock
$125,818,00
$151,145.00
$163,400.00
$163,400.00
Cash Dividends on Chandis Securities Co.
pfd. stock
19.50
50.05
52.00
Dividends on insurance policy
147.00
54.50
53.00
21.50
Total
$125,965.00
$151,219.00
$163,503.05
$163,473.50
Expenditures
Office Expenses
303.40
295.80
299.86
295.80
Net
$125,661.60
$150,923.20
$163,203.19
$163,177.70 The net income as shown above was distributed to the beneficiaries as earned. Premiums were paid on the insurance policies as follows: 1938
$2,269.50
1939
2,390.00
1940
$2,361.25*l1941
2,337.50
*139 At the creation of the trust on June 26, 1935, Marian Otis Chandler was chosen chairman and Norman Chandler was chosen secretary of Chandler Trust No. 1, which positions are still so filled. The principal business of the Times-Mirror Company since 1881 has been the publication of the Los Angeles Times. It has one class of stock, of which 5,760 shares were at the time of the hearing and, for more than ten years prior to the creation of the trust, had been outstanding. A majority of the stock in this company has been held by the descendants of General Harrison Gray Otis, the father of Marian Otis Chandler, for a great many years. The purpose of the trust agreement as stated in the preamble is as follows: That in order to make provision for a more concentrated control of the stock of The Times Mirror Company, to assure a continuity of management and the maintenance of an editorial policy consistent with the traditions of the Los Angeles Times, and to conserve the assets of this trust for the mutual and best interests of the beneficiaries. The trustees are directed to collect the income from the trust property and distribute the same among the beneficiaries in such convenient *140 installments as the trustees determine and are directed to adopt such rules of procedure and keep such records as the trustees from time to time determine. Paragraph 6 specifically empowers the trustees to receive the principal and income of the trust estate, invest and reinvest the principal available therefor as directed, to pay, accumulate and use the income and at the termination of the trust distribute the principal. Following the above paragraphs are a number of items of instruction directing the trustees to vote the stock in the Times-Mirror Company for directors favorable to Norman Chandler as president of said company unless the trustees unanimously decided that a different president is desired, whereupon the majority of the trustees shall determine in whose behalf the stock shall be voted. Also it is provided that the stock shall not be pledged, sold or in any way alienated except by the unanimous vote of all the trustees and that no portion of said stock shall be sold except by the unanimous vote of all the trustees and then only in order to salvage the value of the remaining stock. The trustees are also instructed to vote against any stock increase, either in number *141 of shares or classes of stock and not to enter into any voting trust or to deposit their stock with such a trust except by the unanimous vote of all the trustees in Chandler Trust No. 1. Sub-paragraph 5 of Paragraph VI directs the trustees (5) To collect the sums payable pursuant to the terms of the insurance policies hereinabove described, and to invest the principal thereof and the income therefrom, if accumulated, in conservative securities, whether or not permissible by law as investments for trust funds, provided, however, that the Trustees may, in their uncontrolled discretion, purchase from the Trustor, or from the Executor or Administrator of the Estate of the Trustor, any item or items of property, real or personal, even though such property may not be of a character permissible by law as investments for trust funds, or such property as the Trustees, under other circumstances, would not choose as an investment for the funds of this trust; and provided further that the Trustee may loan or advance to the Executor or Administrator of the Estate of the Trustor all or any part of the principal derived from such insurance policies, either with or without security, at a rate *142 of interest of two (2%) per cent per annum, if the Trustees should determine that such course is of assistance in the proper administration and/or distribution of the Estate of the Trustor. * * * Sub-paragraph 6 of Paragraph VI provides as follows: (6) If the shares of stock of The Times Mirror Company should be sold or otherwise disposed of, or if there should be any liquidation, partial or otherwise, of its assets, or a distribution to its stockholders of any proceeds of sale as a result of which assets subtantially different in character are received by the Trustees, then and in that event, but not otherwise, the following additional powers and discretions are hereby vested in the Trustees: Following this the trustees are granted the same powers over the property thus acquired as over property purchased from the trustors' estate. Then follows a paragraph worded as follows: The enumeration of those certain powers and discretions of the Trustees, as are set out by reference or otherwise in this Paragraph (6), shall not be construed as limiting the general powers and discretions herein vested in the Trustees, it being the intent of the Trustor that in the events provided for *143 in this Paragraph, the Trustees shall have, and they are hereby vested with, all of the powers and discretions that an absolute owner of property has or may have. The trust agreement provides that it shall continue until the last survivor of certain beneficiaries named in the trust instrument shall have died. Opinion The problem presented in this case is substantially the same as that in Chandler Trust No. 2. In Chandler Trust No. 1, however, the petitioner claims that since there is but one trustor and that only one of the trustees has any financial interest in the trust, therefore, there are no "associates" in this trust to constitute an "association". The respondent also has an additional contention in Chandler Trust No. 1 growing out of the powers granted the trustees connected with the management and investment of money received by the trust from the insurance policies on the life of the trustor, Marian Otis Chandler. The remaining contention of petitioners and respondent are disposed of in the decision pertaining to Chandler Trust No. 2, to which reference is made. We are unable to sustain petitioner's contention pertaining to the lack of associates in Chandler Trust *144 No. 1. See , where the court says: Petitioner, agreeing in our decision in the Porter case that the association is in corporate form if, as in that case, there are several beneficiaries, claims that the instant agreement as to a portion of the tax year was not such an association, because from January 1st to March 14th there was but a single beneficiary. * * * There is no merit to this contention. We regard the plural word "beneficiaries" as inclusive of the singular. In the present case there were a number of beneficiaries to constitute associates. The number of trustors and trustees is immaterial. We are likewise unable to sustain respondent's contention that the broad powers granted the trustees if and when the life insurance policies should mature on Marian Otis Chandler or should be otherwise liquidated provide such a medium for the transaction of business, as would tend to classify this trust as an association taxable as a corporation. The evidence is undisputed that these policies have not yet been liquidated nor have they matured. Therefore, the powers granted the trustees arising out of *145 such an event are non-existent. The fact that the trust received small amounts of dividends on these policies running from $147 in 1938 to $21.50 in 1941 we do not consider to be the collection of "sums payable pursuant to the terms of the insurance policies", as provided in Sub-paragraph 5 of Paragraph VI in the trust agreement. Such receipts are nominal and of only bookkeeping value inasmuch as the trust, during the same period, paid premiums on these policies each year considerably in excess of $2,000. Obviously, the powers granted by Sub-paragraph 5 of Paragraph VI in the trust agreement could only operate when relatively large sums would be received from the insurance policies such as would be realized upon the maturity or liquidation of the policies. Therefore, the very broad powers granted to the trustees following the liquidation or maturity of the insurance policies fall in the same category as the powers granted to the trustees in the event the stock in the Times-Mirror Co. should be sold or the Times-Mirror Co. should be totally or partially liquidated and property other than stock be received by the trustees. In both of these cases the pertinent powers granted to the *146 trustees which would, if in existence, create a medium for the transaction of business, were simply non-existent during the taxable years and therefore during those years the trust, without such powers, could not be classed as an association taxable as a corporation. All of the remaining questions presented by the respondent concerning the taxation of Chandler Trust No. 1 are resolved in favor of the petitioner. Decision will be entered for the petitioner.